In the Matter of the Application of EDWARD H. BECK, a Candidate for Member of County Committee, Democratic Party, for the Thirty-ninth Election District, Fifteenth Assembly District, New York County, Petitioner, for an Order to Enjoin the BOARD OF ELECTIONS OF THE CITY OF NEW YORK from Giving a Preference on the Primary Day Ballot for Those Candidates for County Committee, Democratic Party, etc.*

DEMOCRATIC COUNTY COMMITTEE OF THE EIGHTEENTH ASSEMBLY DISTRICT, NEW YORK COUNTY, Intervenor.

Supreme Court, New York County, August 26, 1935.

---

* Revd., 245 App. Div. 848; Appellate Division reversed and Special Term affirmed, 268 N. Y. 617.

*Vincent L. Liebell,* for the petitioner.

*Irving H. Saypol,* for the Democratic County Committee, intervenor.

*Paul Windels, Corporation Counsel,* for the Board of Elections.

ROSENMAN, J.   Subdivision 2 of section 103 of the Election Law, before the amendment made by chapter 955 of the Laws of 1935, provided that where rival groups of names of candidates for party position were filed, the order in which they should respectively be printed on the official primary ballot should be determined by lot. Under this statute, separate lots were drawn for each party position. The result was lack of uniformity in the order of the rival groups on the ballot for the various party positions.   One group, for example, might have first place for its candidates as delegates to the judicial district convention, and place number three for its candidates for county committee.

In order to avoid the resultant confusion to the voter, the Legislature, by chapter 955 of the Laws of 1935, amended the section to provide that " Whenever groups of names for more than one party position are designated by the same petition, the order in which they shall be printed on the official primary ballot shall be determined by a single lot."   In this way the same order of position on the ballot would be maintained.   If one group drew first place for one set of names, it would have first place for all sets.   The Legislature intended, however, that this position must be the result of a drawing by lot.

In this case there has been no such drawing.   It is contended that since there are no rival groups for the office of delegates to the judicial convention, the group which did file names for such office is entitled to first place throughout the ballot.   There is no basis in the statute for such contention.   The fact that one political faction has determined to file a group of names for only one office should not deprive them of their right to have the position of that group for that office fixed by drawing.   The action of the board of elections in this case has deprived one political faction of that right, and, to that extent, is contrary to the intent of the section mentioned.

The ballot can well be arranged so as to show that there is rivalry for only one set of party positions, without causing confusion. While it might make the ballot larger and more cumbersome, the equality of right to the more favorable position afforded by the law to all factions cannot be waived for such considerations.   Noth-

ing contained in the amendment of 1935 warrants the conclusion that the Legislature intended to deprive any political group of its right to have the position of its candidates on the ballot determined by the drawing of lots.

The motion is granted. Settle order on one day's notice.